```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-60754-CIV-ZLOCH
```

RHONDA BOND,

        Plaintiff,
vs.                                   **PRELIMINARY INJUNCTION**

HOME EQUITY MORTGAGE
CORPORATION, and BEST
MORTGAGE CHOICE, LLC,

        Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Rhonda Bond's Motion For Temporary Restraining Order (DE 6). Plaintiff Rhonda L. Bond filed the instant Motion pursuant to Federal Rule of Civil Procedure 65, requesting a hearing on the same. Having previously set the instant Motion for evidentiary hearing (DE 7), by prior Order (DE 12) the Court granted Plaintiff's Motion To Reschedule Evidentiary Hearing (DE 10). In said Motion (DE 10), Plaintiff represented that Defendant agreed not to seek foreclosure on Plaintiff's home before an evidentiary hearing is held on the instant Motion (DE 6). In granting the continuance and resetting the evidentiary hearing, the Court notified the Parties that it would construe the instant Motion (DE 6) as seeking a preliminary injunction. See DE 15.

    On June 23, 2008, the Court held an evidentiary hearing on the instant Motion (DE 6). Plaintiff Rhonda Bond and Peter Wizenberg, Esq., her counsel, were present. Despite the Defendants' having received service of all pleadings and the Court's Orders related to

the instant Motion, see DE Nos. 5, 8, 9, 14, & 16, Defendants Home Equity Mortgage Corporation and Best Mortgage Choice, LLC failed to appear and no attorney made an appearance on their behalf at said hearing. The Court has carefully reviewed the instant Motion (DE 6) and the entire court file, has heard argument of counsel, and has carefully reviewed all evidence admitted by this Court at the hearing in open Court on the Plaintiff's aforementioned Motion held on June 23, 2008, and being advised of the applicable legal standards,

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action and over the Defendants Home Equity Mortgage Corporation and Best Mortgage Choice, LLC;

2. Plaintiff has made a sufficient showing in support of the relief granted herein as required by law by evidence establishing a strong likelihood that she will prevail at trial on the merits and that Defendants directly or indirectly, unless restrained and enjoined by order of this Court, will cause irreparable harm to Plaintiff by the foreclosure and sale of her home;

3. The injury threatened to Plaintiff by Defendants' foreclosure on her home outweighs what damage the instant Preliminary Injunction may cause Defendants and the same is not adverse to the public interest;

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Rhonda Bond's Motion For

Temporary Restraining Order (DE 6) be and the same is hereby **GRANTED** as follows:

    1. Pending the determination of the instant action on the merits, Defendants Home Equity Mortgage Corporation and Best Mortgage Choice, LLC be and the same are hereby **ENJOINED** from, directly or indirectly, whether alone or in concert with others, including any of their officers, agents, employee, and/or representatives, until further order of this Court, continuing with any and all foreclosure proceedings on the real property located at 1517 NW 4th Avenue, Fort Lauderdale, FL, 33311;

    2. Defendants Home Equity Mortgage Corporation and Best Mortgage Choice, LLC be and the same are hereby **ENJOINED** from pursuing any other activity to seek or effect a foreclosure sale of the real property located at 1517 NW 4th Avenue, Fort Lauderdale, FL, 33311 until further order of this Court; and

    3. This Preliminary Injunction shall remain in full force and effect until this Court specifically orders otherwise.

    **IT IS FURTHER ORDERED AND ADJUDGED** that this Preliminary Injunction be and the same is hereby conditioned upon Plaintiff Rhonda Bond's filing with the Clerk of this Court by <u>noon</u> on <u>Tuesday, July 1, 2008</u>, an undertaking in the form of a bond; certified, cashiers, or attorney's check; or check drawn on Plaintiff's bank account, or cash, in the amount of <u>$ 2,500.00</u> to secure payment of such costs and damages, not to exceed such sum as may be suffered or sustained by any party who is found to be

wrongfully restrained hereby.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    24th    day of June, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record